UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

DECISION AND ORDER

-vs-

6:23-CR-6111-CJS-1

EBONY SHINE,

Defendant.

---

## INTRODUCTION

Now before the Court is Ebony Shine's ("Shine" or "Defendant") application for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 57 & 58). The motion is denied.

## BACKGROUND

The reader is presumed to be familiar with the factual and procedural background of this case. Briefly, Defendant waived indictment and was convicted, upon her plea of guilty pursuant to a written Plea Agreement (ECF No. 42), of Conspiracy to Possess with Intent to Distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(A) and 846, and was sentenced principally to a term of 120 months of imprisonment in the Bureau of Prisons ("BOP"), the statutory mandatory minimum. In exchange for her plea of Guilty, the Government agreed, *inter alia*, not to charge Defendant with also violating 18 U.S.C. § 924(c)(1)(A)(i), for which the minimum term of imprisonment would have been five years consecutive to any sentence imposed on the Conspiracy charge.[1]

---

[1] The "Factual Basis" section of the Plea Agreement indicated that Defendant sold fentanyl and firearms and possessed numerous firearms at her residence along with fentanyl, U.S. currency and equipment for

The website for the Bureau of Prisons indicates that Defendant is currently 40 years of age, with a scheduled release date of May 24, 2030, meaning that she has approximately 45 months remaining on her prison sentence.

On February 24, 2025, after slightly more than a year in the BOP, Defendant, proceeding *pro se*, filed a motion for a "50%" sentence reduction pursuant to 18 U.S.C. § 3742(e). (ECF No. 57). In support of the motion, Defendant cited her efforts at rehabilitation while in the BOP, and the fact that she had a minor son whom she wanted to care for. Defendant admitted that her circumstances at that time did not amount to "extraordinary and compelling circumstances" such that she would be entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

On August 1, 2025, Defendant filed a second *pro se* motion for a sentence reduction, this time under 18 U.S.C. § 3582(c)(1)(A), citing "family circumstances," "post-conviction rehabilitation," and "conditions of confinement." Regarding "family circumstances," Defendant again refers to her minor son, who is in the custody of his father, who, for reasons that are not clearly explained, must surrender custody of the child to "the authorities." Regarding "post-conviction rehabilitation," Defendant states that she is taking full advantage of programs offered in the BOP. And finally, regarding "conditions of confinement," Defendant asserts that BOP facilities are understaffed, and she worries there may not be sufficient staff in her facility's medical department to address her particular unspecified medical problems.[2]

---

processing narcotics.

[2] Regarding this aspect of Defendant's motion, U.S. Probation and Pretrial Services ("Probation") states: "It should be noted that according to BOP records, Ms. Shine is assigned regular duty status with no medical restrictions. Her medical status is classified as a Care Level 1 with a Care Level 1 Mental Health status. Psychology staff have not expressed any mental health concerns at this time. The BOP's general

On April 30, 2026, the Government filed its opposition to the motion, ECF No. 61. The Government essentially contends that Defendant's motion should be denied since she has not cited extraordinary and compelling circumstances, she already received considerable breaks from both the Government and the Court, and she has not served much of her sentence:

> The facts of Shine's offense are serious and extensively detailed in the PSR at paragraphs 17-28. Shine was obtaining large quantities of fentanyl that she stored and distributed from her residence, and she directed and supervised Nasir Shine (21) and Emmanual Taylor (20) – her two young sons – in the distribution of fentanyl. In addition, she and her sons possessed firearms. Shine was responsible for selling over 400 grams of fentanyl and over 127 grams of cocaine during multiple controlled buys that either she, or her two sons at her direction, engaged in. A search warrant at her residence netted two handguns and a shotgun with ammunition, beakers, a digital scale, and over $4,500 in U.S. currency, in addition to the $20,000 from a controlled purchase of fentanyl earlier that day. At the time of the search warrant, the defendant and her son Nasir were present, as well as two juveniles. The PSR determined that the Guidelines recommended a sentence of 135 months to 168 months imprisonment for the defendant. (PSR, ¶58).
>
> On January 24, 2024, the Court sentenced the defendant to the 120-month mandatory minimum sentence, a significant break for the defendant, in addition to the break she received by not being required to plead to a violation of 18 U.S.C. § 924(c), which would have required an additional consecutive sentence of 60 months imprisonment. Just over a year after sentencing, on July 25, 2024, Shine began to file motions seeking to be released early from her mandatory minimum sentence, primarily claiming concerns over her unnamed son's care by the biological father, and pointing to her completion of rehabilitative programs. (Dkt. 57; see also Dkt. 58).
>
> The Court should deny Shine's motion. First, the defendant already

---

description for inmates with Care Level 1 designation are as follows: (1) inmates are less than 70 years of age and are generally healthy, and (2) inmates have limited medical needs that can be easily managed by clinician evaluations every 6-12 months."

> received a significant benefit when this court sentenced her to the mandatory minimum in 2024, and she has not even served half of that well-deserved sentence. Second, Shine seeking early release from prison to care for a child is ironic, given that she cared so much about her two other sons that she used them to sell fentanyl and cocaine, and carry guns for her. . . . Suffice to say, her claim is so undeveloped and vague as to be insufficient to demonstrate an extraordinary and compelling reason to release her, a fact that she apparently recognizes. (Dkt. 57, p.3 ["The circumstances surrounding Shine's maternal delima (sp.) falls short of that in which is required for Compassionate Release under 18 U.S.C. § 3582(c)(2) particularly where records show that Shine's minor son was left in the physical custody of his biological father"]). Third, while the government is pleased to see the defendant taking advantage of rehabilitative programs in the BOP, there is nothing extraordinary and compelling about completion of such programs that justifies early release from a serious sentence imposed for serious criminal activity.
>
> In short, there is simply no basis to deviate from the sentence previously imposed. In fact, any change in the sentence imposed, where no grounds truly exist to alter it, would seriously undermine the fairness and purpose of the original prison sentence in this case. *See United States v. Roney*, 833 F.App'x 850, 854 (2d Cir. 2020) ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.").

ECF No. 61 at pp. 2-4.

The Court has carefully considered the parties' submissions, the recommendation of Probation that the Court deny Defendant's motion, and the relevant sections of record.

DISCUSSION

Defendant's first motion (ECF No. 57) seeks relief pursuant to 18 U.S.C. § 3742(c) on the basis of alleged extraordinary rehabilitation. Defendant seems to have mistakenly thought that she could obtain a sentence reduction based on post-conviction rehabilitation under this section of law, without showing extraordinary or compelling circumstances.

However, § 3742(c) is not applicable here, and Defendant's motion is denied insofar as it is based on that section of law.

Regarding Defendant's second motion (ECF No. 58) requesting a "compassionate release" sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the legal principles are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason.").

A sentence reduction under § 3582(c)(1)(A) should be based upon a significant change of circumstances since the time of sentencing consisting of more than just the defendant's rehabilitation while in prison. *See, United States v. Luke*, No. 14-CR-06089-FPG, 2024 WL 1693275, at *2 (W.D.N.Y. Apr. 19, 2024) ("Because the § 3553 factors are considered at sentencing, courts should not 'second guess or [ ] reconsider whether the original sentence was just,' but assess whether 'the defendant's circumstances are so changed ... that it would be inequitable to continue the confinement[.]' *United States v.*

*Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision)."); *see also*, *United States v. Roney*, 20-1834, 833 F. App'x 850, 854 (2d Cir. Nov. 2, 2020) (Indicating that a motion for compassionate release "is not an opportunity to second guess or to reconsider the sentencing court's original decision.") (citation and quotations omitted).

Furthermore, "[e]ven if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Indeed, a district court may properly deny a compassionate release motion based solely on the Section 3553(a) factors, without first determining whether the defendant has shown extraordinary and compelling reasons for a sentence reduction. *See, United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]e today make clear that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Additionally, a Defendant must exhaust his remedies before applying for a sentence reduction under § 3582(c)(1)(A). *See*, 18 U.S.C. § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]") (Westlaw 2025).

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction:

> Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13. If any "one of those conditions is lacking, [the district court] need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020); *see also United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) ("The burden of showing that the circumstances warrant a sentence reduction is on the defendant.").

*United States v. Brown*, 767 F. Supp. 3d 6, 8–9 (W.D.N.Y. 2025) (footnote omitted).

<u>Exhaustion of Administrative Remedies</u>

The Government's papers do not address the exhaustion requirement. Consequently, the Court will proceed to consider the merits of Defendant's motion. *See, e.g., United States v. Rodriguez*, 147 F.4th 217, 222 (2d Cir. 2025) (Observing that "the government may waive or forfeit this [exhaustion] requirement.").

<u>Defendant Has Not Shown Extraordinary and Compelling Reasons</u>

The Court finds that the reasons offered by Defendant in support of her request, either singly or in combination, are not extraordinary or compelling grounds for a sentence reduction. Contrary to what Defendant claims, she has not shown any extraordinary

degree of rehabilitation. Nor do the other circumstances she cites amount to anything extraordinary or compelling.

The Section 3553(a) Factors Do Not Support a Sentence Reduction

Additionally, the Court finds that the § 3553(a) factors weigh against a sentence reduction in Defendant's case. In this regard, the Court has again considered all the § 3553(a) factors, all the other factors discussed above, and all other relevant factors, including Defendant's age and the length of time she has already served.

Having done so, the Court finds that the § 3553(a) sentencing factors weigh heavily against Defendant's early release, especially considering the serious nature of her crime, in which she involved her sons, and the enormous reduction in sentencing exposure that she has already received from the Government and the Court. *See*, *Denis v. United States*, No. 15-CR-632 (JGK), 2020 WL 6544178, at *1 (S.D.N.Y. Sept. 2, 2020) ("The Court carefully weighed the section 3553(a) factors [at sentencing] and arrived at the sentence that the Court found was the least sentence that would satisfy those factors. There have been no developments since that time that change the Court's conclusions. The offense in this case was very serious[, and] [t]he sentence imposed by the Court remains no greater than necessary to achieve the relevant goals of sentencing, particularly a recognition of the seriousness of the offense and the need for deterrence.").

CONCLUSION

Defendant's motions for a sentence reduction (ECF Nos. 57 & 58) are denied. The Court declines to issue a certificate of appealability, because Defendant has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not

be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 20, 2026
Rochester, New York

Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge